**STATE of Tennessee, Appellee,**

v.

**Jimmy ELGIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 6, 1982.

Permission to Appeal Denied By Supreme Court Sept. 20, 1982.

April R. W. Ferguson, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Jim Horner, Dist. Atty. Gen., Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted for committing the offense of embezzlement of over $200, T.C.A. § 39–4232, and sentenced to serve not less than three nor more than five years.

The issues: (1) whether the evidence is sufficient to support the verdict; (2) whether evidence of other crimes was properly admitted; and (3) whether this record presents a case of entrapment.

We will summarize the evidence from our reading of the transcript. The appellant was an employee of the Walker Oil Company located in Dyersburg. His duties consisted of driving a tanker truck to the Shell Oil Company terminal station in Memphis, filling the truck with fuel and delivering it to local stations in Dyersburg and to the plant itself. On the early morning hours of December 7, 1980, the appellant filled his transport truck with 8,222 gallons of regular and super gasoline at the Shell Plant in Memphis. The Walker Oil Company was billed for the fuel. The Walker Oil Company had experienced a shortage of fuel for two years in the amount of 68,000 gallons prior to December 7, 1980.

The sheriff's office in Dyersburg received information that gasoline was being sold in the county for 65-cents a gallon. In the course of the sheriff's investigation a local farmer, Mr. Hendrix, agreed to assist them in their investigation. On October 3, 1980, he met appellant, appellant's wife and a Ricky Pugh who operated a service station with appellant. They went to Mr. Hendrix's farm and were shown his fuel tanks.

They discussed a sale of gas to Mr. Hendrix by appellant at a price of 65-cents a gallon. The entire conversation of this meeting and agreement was recorded by a microphone hidden on Mr. Hendrix. The tape of this meeting was introduced into evidence.

On December 6, 1980, Mr. Hendrix returned a call from the appellant which also was recorded and introduced. During their conversation the appellant agreed to deliver gasoline to the farm the next morning. On December 7, 1980, the appellant, accompanied by his wife, drove the transport on to Mr. Hendrix's farm and pumped 2,000 gallons of fuel into the tanks on the farm. The appellant then received from Mr. Hendrix $1,300 for the fuel at the agreed price of 65-cents a gallon.

When payment was made he was arrested and taken into custody by Sheriff McDowell who had been listening to the transaction via the recording equipment. The appellant was transported to jail and, after being advised of his rights, admitted that the gasoline he sold to Mr. Hendrix belonged to Walker Oil Company. Later at the jail, he told Mr. Walker that he was ashamed and sorry for what he had done to him.

The appellant, testifying in his own behalf, related that the gasoline did not belong to the Walker Oil Company but rather to an unknown party with whom he was going to split the profits. He testified that he got the 2,000 gallons of fuel he sold Mr. Hendrix after he had fueled his truck at the Shell Plant. He never satisfactorily explained how he could add 2,000 gallons to the 8,222 gallons which he had on the truck already when the truck's capacity was 9,000 gallons. At any rate, the jury has rejected the appellant's proof and testimony. We can readily understand this rejection.

█ The first issue: The appellant was an employee of Walker Oil Company. In that capacity, he received fuel for the company which he fraudulently converted to his own use and sold 2,000 gallons for $1,300.

With all of the elements present as enumerated, the offense of embezzlement is supported by the evidence in this record. T.C.A. § 39–4232. The evidence is sufficient under T.R.A.P. 13(e). The issue is overruled.

The second issue: A rubber hose with a nozzle on one end and a cap on the other end was found in the appellant's car. This hose was admitted into evidence over appellant's objection. The trial court, in allowing the hose into evidence, ruled that it was relevant as showing a common scheme or plan. There was evidence offered that appellant had used the hose to fill from his transport truck his car and truck and the vehicles of two friends. We find no error here. The evidence was relevant to show the knowledge and intent of the appellant as to the crime charged. In other words, it was relevant as showing a common scheme and plan of the appellant to fraudulently appropriate the gasoline of his employer.

The third issue: We disagree with the State's first argument that appellant pleading not guilty he waived his right to plead entrapment. See *State v. Robert Mark Moore,* 631 S.W.2d 456 (Tenn.Cr.App. 1982). That, however, does not conclude the matter, and accordingly, we reject appellant's argument that the authorities entrapped appellant by focusing their investigative efforts on him. It is clear from the evidence the investigative efforts of the officials here rise only to the level of giving appellant an opportunity to commit a crime that he was already predisposed to commit. *State v. Jones,* 598 S.W.2d 209, 220 (Tenn. 1980). This issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.